IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EXPRESS BANK, FSB, and FEDERAL SAVINGS BANK,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LINDA WRIGHT aka LINDA A. WRIGHT, an Individual; DOES 1 through 100, inclusive,<br><br>　　　　Defendants.<br>_____/<br>AND RELATED COUNTERCLAIMS.<br>_____/ | No. C 11-04492 WHA<br><br><br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |

**INTRODUCTION**

In this civil action for money due on a contract, plaintiff moves to dismiss a counterclaim. For the following reasons, the motion is **GRANTED IN PART**.

**STATEMENT**

Plaintiffs American Express Bank, FSB and Federal Savings Bank initiated the present action against defendant Linda Wright for money due on a contractual agreement. Plaintiffs alleged that Wright owed $8,212.12 in unpaid charges to her credit card (Dkt. No. 1). Wright removed to federal court and filed a counterclaim against plaintiff AMEX (Dkt. No. 8). Wright alleges seven counterclaims: (1) violation of the First Amendment; (2) violation of the

Due Process and Equal Protection clauses of the Fourteenth Amendment; (3) violation of the Fourth Amendment; (4) breach of contract and unjust enrichment; (5) negligence and intentional infliction of emotional distress; (6) fraud; and (7) slander and libel. AMEX now moves to dismiss the counterclaims for failure to state a claim. This order follows full briefing. A hearing was held on December 1, 2011. Wright did not appear at the hearing.

## ANALYSIS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that a defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

FRCP 9(b) requires that in all averments of fraud, the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). FRCP 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

**1. STANDING, SUBSTITUTION OF COUNSEL, AND ADDITIONAL PARTIES.**

Several themes recur in Wright's briefing that should be addressed up front. *First*, Wright argues that "Federal Savings Bank, and American Express Bank have no standing

2

in these proceedings," and that "American Express Corporation is the correct plaintiff/third party defendant" (Opp. 2).[*]

When Wright removed the present action from state to federal court, she also brought a counterclaim that has already been recognized by this Court to be *only* against American Express (Dkt. No. 8). In the captions of its briefing, AMEX identifies itself as "erroneously sued as American Express Corporation." A previous order denied Wright's motion to add additional defendants to her counterclaim because the appended counter complaint was directed to the Superior Court of California, County of Humboldt, and because her submission was unintelligible (Dkt. No. 32). If Wright intends to bring a counterclaim against a party other than American Express, she must do so in a way that *clearly* state the parties to be added. Wright's standing argument does not defeat the present motion to dismiss her counterclaim.

*Second*, Wright appears to challenge the substitution of AMEX's counsel, although Wright's briefing is largely unintelligible and it is difficult to decipher precisely where her objection lies. AMEX properly requested substitution of its counsel (Dkt. No. 15). This Court granted the substitution (Dkt. No. 17). Wright is currently appealing this decision to the court of appeals (Dkt. No. 28). Wright cannot now defend her counterclaim by arguing that the substitution of AMEX's counsel was improper. Further, in her briefs, Wright frequently refers to an action in the Superior Court of California, County of Humboldt. Wright is now advised that her state action has no bearing on the present action.

*Third*, the captions of Wright's briefs — and most other areas of her briefing — contain references to individuals and organizations who are not parties to the present action. For example, the caption of her opposition includes Petra Kuhfahl, the United States of America, the State of California, and the County of Humboldt as parties. Large portions of Wright's complaint and opposition discuss the Veterans Administration and other individuals and events. A diligent reading of Wright's briefing uncovers no connection between these organizations and individuals and the present action. Wright is now advised that American Express is the *only*

---

[*] Portions of Wright's opposition were written in all capital letters. The capitalization used in such quotations has been altered in part.

3

counter defendant currently named in her counterclaim, and that cannot be altered by adding additional parties to the captions of her briefing. If Wright wants to add parties, she must do so *properly*.

### 2. CONSTITUTIONAL CLAIMS.

Wright's first three claims are for violations of the First, Fourth, and Fourteenth Amendments. Wright fails to plead any facts that state a plausible claim for constitutional violations.

*First*, Wright argues that AMEX violated her First Amendment rights "by taking [her] money and covering it up" (Counter Compl. 10). The remainder of her argument in support of this claim relates to alleged actions by the VA. In her opposition, the only additional support Wright offers to her First Amendment claim is that AMEX "rewr[ote] [her] history, while silencing [her] voice through keeping [her] money tied up, while not putting [her] true information into [its] files" (Opp. 9). These vague statements fail to demonstrate any facts that could establish a violation of her First Amendment rights to free speech, nor any other theory that establishes such a violation.

*Second*, Wright claims that her Fourth Amendment rights were violated. The totality of Wright's argument in her complaint pertains to the VA and physicians who are not parties to the present action. In her opposition, Wright claims that her "phone lines, computer, and information that [she] tried to submit to P.A.C.E.R. have been intercepted, and interfered with" (Opp. at 10). The Fourth Amendment, however, "cannot be translated into a general constitutional 'right to privacy.' That Amendment protects individual privacy against certain kinds of governmental intrusion." *Katz v. United States*, 389 U.S. 347, 350 (1967). The United States has not properly been added as a party to this action, and Wright does not allege that AMEX is in any way affiliated with the government. Accordingly, Wright has failed to state a claim for violation of the Fourth Amendment.

*Third*, Wright alleges violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment. The entirety of Wright's argument in her complaint pertains to the VA and physicians not involved in the present action. In her opposition, Wright argues that

4

AMEX's counsel "fraudulently fil[ed] motions on behalf of American Express; in court actions federal and state courts [sic], which violates Due Process under the 14th Amendment" (Opp. 4). Wright offers no authority to support the proposition that AMEX's counsel violated the Fourteenth Amendment by bringing a suit on behalf of their client for unpaid credit card charges.

All of Wright's constitutional claims fail to state a claim upon which relief can be granted. Accordingly, AMEX's motion to dismiss these claims is **GRANTED**.

### 3. CONTRACTUAL CLAIMS.

Wright labels her fourth claim for relief as breach of contract and "unjust enrichment, libel, [and] slander" (Counter Compl. 12). Wright states four claims in one. Her sixth claim is also for slander and libel, so those claims are addressed in below. *See supra* Part 4.C. Further, unjust enrichment, also known as restitution, is not a theory of recovery but is instead a result thereof. *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008). Accordingly, only the breach-of-contract claim will be analyzed in this section.

Under California law, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Wright alleges that AMEX accepted over $4,500 from her without crediting her payments, and wrongly charged her fees and raised her interest rate (Counter Compl. 2, 10). Wright appended to her opposition copies of personal checks and credit card bills, and argues that she has further documentation of AMEX's alleged breach of contract.

AMEX argues that "Wright does not allege which provisions of the cardmember agreement were violated, but only alleges that the agreement was violated" (Br. 8). AMEX does not dispute that a contract existed. Wright alleges that she performed the contract by making payments, that AMEX breached by failing to credit her payments and charging her fees, and that she consequently suffered damages. Wright thus has pled sufficient facts to draw a reasonable inference that AMEX breached the agreement. Accordingly, AMEX's motion to dismiss the breach-of-contract claim is **DENIED**.

5

**4.    TORT CLAIMS.**

Wright alleges several tort claims. Much like before, this section of the counterclaim clumps together more than one claim for relief. Each tort claim is considered in turn.

### A.    Intentional Infliction of Emotional Distress.

Wright fails to state a claim for intentional infliction of emotional distress. The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff suffered severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Christensen v. Superior Court.*, 54 Cal. 3d 868, 903 (1991).

The single sentence in Wright's counterclaim pertaining to AMEX's alleged intentional infliction of emotional distress reads: "(2005) Applied for AMEX Card, significance will become clear during trial" (Counter Compl. 13). In her opposition, Wright alleges that AMEX took her money, "accus[ed] her of criminal activity [and] slander, that I owe money, have criminals in my employ, printing fraudulent bills [sic]" (Opp. 11). A brief is not a complaint or counterclaim. These statements are not in the counterclaim. To count, they have to be properly in the complaint. Moreover, these statements are difficult to decipher, and nowhere does Wright identify any extreme and outrageous conduct that caused her to suffer severe emotional distress.

### B.    Negligence.

Wright similarly fails to identify any facts demonstrating that AMEX was negligent. Again, this section of Wright's complaint focuses primarily on actions of the VA and physicians outside the present action. Wright's opposition offers no illumination. Wright has thus failed to state a claim for negligence.

### C.    Slander and Libel.

Wright has failed to state a plausible claim for slander and libel. "Slander is a false and unprivileged publication, orally uttered," which directly injures a person "in respect to his office, profession, trade or business" and "causes actual damage." Cal. Civ. Code § 46. "Libel is a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt,

6

1 ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to
2 injure him in his occupation." Cal. Civ. Code § 45.

3 Wright alleges that AMEX "through deceit and thievery, while lying about [plaintiff's]
4 criminal activity," committed libel by filing the present lawsuit (Counter Compl. 15).
5 Wright fails to identify any false and unprivileged publications — oral or written — made
6 by AMEX that accuse her of criminal activity. Nor has she demonstrated that she has suffered
7 any injury. Accordingly, Wright fails to state a claim for slander or libel.

### D. Oppression.

Included in the section heading for the claims for slander and libel, Wright includes
a claim for "oppression." It is unclear what claim Wright is attempting to establish. In a tort
action, a party is entitled to punitive damages if wrongful acts constitute oppression, fraud, or
malice. *Yan Sui v. Price*, 196 Cal. App. 4th 933, 937 (2011). There is no independent tort of
"oppression," however. Because Wright has failed to state a plausible claim for *any* tort, the
analysis of punitive damages is irrelevant. As such, AMEX's motion to dismiss all of the tort
claims is **GRANTED**.

### 5. FRAUD.

Wright also alleges fraud. Under California law, the required elements for fraud are:
(1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance;
and (5) resulting damage. *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008). Wright argues
that AMEX incorrectly represented that she missed payments and wrongly charged her fees and
raised her interest rates (Counter Compl. 14). Wright falls short of pleading facts sufficient to
satisfy all elements of fraud. Her vague allegations do not address the "who, what, when, where,
and how" of the misconduct charged. Accordingly, the motion to dismiss the claim for fraud is
**GRANTED**.

### CONCLUSION

For the foregoing reasons, AMEX's motion to dismiss Wright's counterclaim is
**GRANTED IN PART**. AMEX's motion to dismiss the breach-of-contract claim is **DENIED**.
Its motion to dismiss all other claims is **GRANTED**. Wright may seek leave to amend the

complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Wright must append to her motion a proposed amended complaint that *clearly* explains how the amendments cure the defects identified herein. Wright must also correctly label her captions to include only the parties in this action.

**IT IS SO ORDERED.**

Dated: December 1, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE