IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EXPRESS, F.S.B., FEDERAL SAVINGS BANK,<br><br>    Plaintiff,<br><br>  v.<br><br>LINDA WRIGHT, a.ka. LINDA A. WRIGHT, an Individual, and DOES 1 through 100, inclusive<br><br>    Defendants.<br>———————————————————————/<br>AND RELATED COUNTERCLAIMS<br>———————————————————————/ | No. C 11-04492 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

In this civil action for money due on a contract, plaintiff moves for summary judgment. For the reasons stated below, the motion for summary judgment is **GRANTED**.

**STATEMENT**

Plaintiff American Express Bank, F.S.B. initiated the instant action against defendant Linda Wright for money due on a contractual agreement. Defendant Wright was the holder of an AMEX Delta SkyMiles credit card with an account number ending 61003. Defendant Wright was the "basic cardmember" on the account. As such, she was responsible for paying all amounts charged to the account. By accepting and using the card, defendant Wright agreed to all of the terms and conditions set forth in the agreement between her and plaintiff AMEX. Pursuant to the terms of the agreement, defendant Wright agreed to be responsible for paying all

1  amounts charged to the account, including charges incurred by additional card members on the
2  account. Defendant Wright further agreed that upon "default" she would pay "all reasonable
3  costs, including reasonable attorney's fees incurred by [AMEX] . . . in connection with the
4  collection of any amount due" on the account (Garabedian Decl. ¶¶ 24, 25, 27–28; Exh. 1).

5  Plaintiff AMEX sent monthly statements to defendant Wright, stating the balance owed
6  on the subject account. As of July 27, 2011, the amount due on defendant's AMEX card was
7  $8,212.12. This is the amount at issue in this action. There are no unresolved billing disputes.
8  Defendant Wright has simply failed to pay the balance due of $8,212.12 (Garabedian Decl. ¶¶
9  30, 31; Exh. 2).

10  Plaintiff AMEX initiated the present action in state court alleging claims for: (1) money
11  due on agreement; (2) monies due on open accounts; (3) monies due and owing; and (4) unjust
12  enrichment (Dkt. No. 1). Defendant Wright removed the action to federal court and filed a
13  counterclaim against AMEX, alleging: (1) violation of the First Amendment; (2) violation of the
14  Due Process and Equal Protection clauses of the Fourteenth Amendment; (3) violation of the
15  Fourth Amendment; (4) breach of contract and unjust enrichment; (5) negligence and intentional
16  infliction of emotional distress; (6) fraud; and (7) slander and libel. By order dated December 1,
17  2011, plaintiff's motion to dismiss defendant Wright's breach-of-contract claim was denied. All
18  other counterclaims were dismissed with leave to file a motion to amend within twenty-one
19  calendar days. Defendant Wright failed to file such a motion.

20  Plaintiff AMEX seeks summary judgment in its favor on all claims alleged in its
21  complaint and on defendant's sole remaining counterclaim for breach of contract. This order
22  follows full briefing, which included an opposition filed by defendant, and a hearing. Counsel
23  for AMEX was present at the hearing. Defendant Wright was not present. After the hearing, the
24  Court received a facsimile from defendant stating her "health & finances will not allow for
25  travel; for scheduled court date." The hearing proceeded in defendant's absence.

26  **ANALYSIS**

27  Summary judgment is proper when "there is no genuine dispute as to any material fact
28  and the movant is entitled to judgment as a matter of law." FRCP 56(a). Where the party

moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party bears the initial burden of either producing evidence that negates an essential element of the non-moving party's claims, or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show there exists a genuine issue of material fact. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

### 1. BREACH OF CONTRACT CLAIM FOR MONEY DUE ON AGREEMENT.

Plaintiff has alleged a claim for "money due on agreement," which appears to be a claim for breach of contract. Under California law, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

In her opposition to the motion for summary judgment, defendant Wright "DENIES all allegations that American Express and its' Subsidiaries have put forth to date," and states "I Linda Ann Wright, have never had a Contract with American Express Bank, nor FSB" (Opp. 3). Yet, defendant also acknowledges she had an AMEX credit card with the account ending 61003. The records submitted by both parties reflect the same. There was a contract.

There is no evidence to show plaintiff failed to perform on the contract. Nor does defendant claim that plaintiff AMEX failed to pay the charges made on the account. Plaintiff AMEX has produced a copy of defendant's monthly statements for the subject account from February 2005 to July 2011. The custodian of records has submitted a sworn declaration under penalty of perjury attesting that the statements are true and accurate. The evidence in the summary-judgment record reflects that the amount due on defendant's AMEX account ending in 61003 is $8,212.12. There is no evidence to show that defendant Wright has paid the

3

outstanding balance on her AMEX account. To the contrary, the evidence shows she has not (Garabedian Exh. 2).

Defendant claims that plaintiff wrongly charged her fees, increased her interest rate, and "denies all allegations" (Opp. 3). There is no evidence to support these bare allegations. And mere allegations are insufficient to overcome summary judgment. The opposition brief lists various dates and amounts paid on defendant's AMEX account. But defendant has not submitted proof of theses payments. In fact, it is unclear if she is claiming that plaintiff AMEX failed to apply these payments, listed in her opposition brief, to her account. Regardless, this list, which is a part of defendant's opposition brief, is not admissible evidence.

Appended to defendant's opposition brief are approximately one hundred pages of exhibits. The Court has made a diligent effort to review these submissions, which include, various medical records from North Coast Women's Health, including letters directed to North Coast Women's Health claiming that defendant Wright does not owe the amounts for which she was billed, various printouts of defendant's monthly AMEX statements, a photocopy of defendant's AMEX card, with the account number ending 61003, and difficult-to-read photocopies of checks made payable to "AMEX" for account number 61003. The submissions also include letters to AMEX complaining of a high interest rate and accusing AMEX of fraud, along with response letters from AMEX to defendant Wright. There are also print outs from a "Cruise Checking Account." The print outs bear defendant's name at the top of the page, so perhaps this is a personal checking account of hers. Three such print outs show the following amounts were withdrawn from the "Cruise Checking Account" and paid to AMEX: $2,500 (received on August 28, 2008), $500 (received on September 17, 2008), and $405 (received on October 15, 2008). Each of these payments is reflected in the monthly statements for defendant's AMEX account ending in 61003, meaning AMEX applied these payments to defendant's balance at the time (Garabedian Exh. 2).

Plaintiff AMEX has submitted evidence showing there was a contract between plaintiff and defendant, which plaintiff performed, and defendant breached, resulting in a balance of $8,212.12 owed to plaintiff. Defendant Wright has not pointed to evidence in the summary-

judgment record to the contrary. Plaintiff's motion for summary judgment on its breach-of-contract claim for money due on agreement is **GRANTED**.

### 2. CLAIMS FOR COMMON COUNT.

Plaintiff AMEX also moves for summary judgment on its claims for common count, which are claims for "monies due on open accounts" and "monies due and owing."

A general common-count claim is based on a debt owed by a defendant to a plaintiff. *See G. Hirsch & Co., Inc. v. AmerisourceBergen Corp.*, 2006 WL 1348568 (N.D. Cal. 2006) (Wilken, J.). An open book account is defined in California Code of Civil Procedure Section 337a as:

> a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is . . . on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Plaintiff AMEX's records satisfy this definition. The monthly statements arise from a contractual relationship between plaintiff AMEX and defendant Wright. The statements show the debts and credits on defendant's account ending in 61003 (Garabedian Exh. 2). These records were kept in a reasonably permanent form (Garabedian Decl. ¶¶ 1–23). There was an open book account.

Plaintiff also has a common-count claim for money due and owing (money had and received). Claims for money had and received may be used to request recovery upon every form of quasi-contractual obligation. *Stone v. White*, 301 U.S. 532, 534 (1937). Money had and received is an equitable remedy that permits restitution where consideration has "wholly failed." *Bank of America Nat'l Trust & Sav. Ass'n. v. Hayden*, 231 F.2d 595, 601 (9th Cir.1956). California has three elements for a common count: (1) statement of indebtedness of a specified sum; (2) statement of the consideration; and (3) non-payment. *G. Hirsch & Co.*, 2006 WL 1348568 at *2. As stated, the record shows that defendant Wright received monthly credit card statements, stating her balance due on the account ending in 61003 (Garabedian Exh. 2). The amount due is $8,212.12. Defendant has not pointed to any unresolved billing disputes. The

1 custodian of records for AMEX has stated in his declaration that there are no unresolved billing
2 disputes. The monthly statements show that defendant used her AMEX card to charge goods
3 and services that were paid for by AMEX. Defendant does not claim otherwise. Defendant has
4 failed to pay the amount due. Plaintiff's motion for summary judgment on both of its common-
5 count claims is **GRANTED**.

### 3. UNJUST ENRICHMENT.

Unjust enrichment is not a stand-alone claim in California. *McKell v. Wash. Mut. Inc.*, 142 Cal. App. 4th 1457, 1490 (2006). The elements of unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another. *See Paracor Fin., Inc.*, *v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (1996). As stated, defendant made charges on her AMEX account ending in 61003, for services and goods that were paid by AMEX. Defendant owes $8,212.12, and has been unjustly enriched by this amount owed on the account. The motion for summary judgment on plaintiff's claim for unjust enrichment is **GRANTED**.

### 4. COUNTERCLAIM FOR BREACH OF CONTRACT.

Defendant filed a counterclaim against plaintiff alleging breach of contract. The counterclaim is, in large part, unintelligible and there are several references in the counterclaim to individuals and organizations not parties to the present action. The counterclaim appears to allege that AMEX accepted over $4,500 from defendant Wright without crediting her payments, wrongly charged her fees, and raised her interest rate. Defendant also alleges that plaintiff sent credit cards to her mother, but it is not clear if the cards allegedly sent to her mother were linked to defendant's account ending in 61003. Defendant does not submit evidence in support of these bare allegations. Therefore plaintiff's motion for summary judgment on this counterclaim is **GRANTED**.

\* \* \*

At the hearing, defense counsel stated plaintiff AMEX was seeking ten percent in interest on the $8,212.12 owed to plaintiff. That is far too much. Plaintiff is being greedy. Therefore, no amount of interest will be allowed.

**CONCLUSION**

For the foregoing reasons, the motion for summary judgment is **GRANTED**. Judgment will enter in favor of plaintiff AMEX and against defendant Wright in the amount of $8,212.12. There is nothing left to be resolved in this action.

**IT IS SO ORDERED.**

Dated: June 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE